# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:99cr89 |
| | § | (Judge Brown) |
| OSCAR MUYSSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 19, 2005 to determine whether the defendant violated his supervised release. The hearing was continued until June 28, 2005 so that Defendant could raise the sum of $55,000.00 to contribute to his restitution. The Defendant was represented by Reed Prospere. The Government was represented by J. Andrew Williams.

On May 11, 2000, the Defendant was sentenced by the Honorable Paul Brown of the Eastern District of Texas to 16 months custody followed by a 5-year term of supervised release for two separate counts of bank fraud. On September 6, 2001, the defendant completed his period of imprisonment and began service of his supervised term.

On May 3, 2005, the U.S. Probation Officer filed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following conditions: (1) Defendant shall make restitution to Bank of America in the amount of $76,763.65 and to Chase Bank in the amount of $38,332.00; (2) Defendant shall not commit another federal, state, or local crime; (3) Defendant

shall not leave the judicial district without the permission of the Court or probation officer; (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (5) Defendant shall notify the probation officer 10 days prior to any change in residence or employment; (6) Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment; (7) Defendant shall neither incur new credit charges nor open additional lines of credit without approval of the probation officer unless Defendant is in compliance with all financial obligations imposed by the judgment previously entered in this case.

The petition alleges that Defendant committed the following acts: (1) Defendant failed to make monthly restitution payments for the months of October and December 2001; March, May, June, August, and November 2002; February, March, April, May, July, August, September, and December 2003; January, June, September, October, and December 2004; and January and February of 2005; (2) Defendant is currently in default in the amount of $784.00; (3) Defendant failed to pay ten percent of income earned in 2002 and 2003 from previously unreported employment with Term Net; (4) On 26 occasions from October 2001 through January 2005, Defendant falsified his monthly report form by failing to report travel outside of the Northern District of Texas; (5) On 18 occasions from October 2001 through March 2005, Defendant falsified his monthly report form by falsely reporting that he had paid restitution; (6) On 27 occasions from October 2001 through February 2005, Defendant failed to provide proper bank account

information; (7) On 26 occasions from October 2001 through November 2004, Defendant left the Northern District of Texas without the permission of the Court or his probation officer; (8) Defendant traveled to Mexico from December 2004 until January 2005 without the permission of the Court or his probation officer; (9) On February 15, 2005, Defendant attempted to hide an asset by providing his probation officer with an altered copy of his divorce decree; (10) Defendant failed to notify his probation officer that he worked a second job from February 2002 through February 2003; (11) On 17 occasions from December 2001 through October 2004, Defendant failed to provide proof of monthly income on his monthly written report form; and (12) In May 2002 and September 2002 Defendant opened credit card accounts without the permission of his probation officer and while noncompliant with the financial obligations imposed by the judgment in this case.

Prior to the Government putting on its case, Defendant entered a plea of true to all violations. At the hearing, the Court recommended that Defendant's supervised release be revoked.

## RECOMMENDATION

The Court recommends that the District Court revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with twenty-four (24) months of supervised release to follow. It is further recommended that the conditions of Defendant's supervised release shall be the same as the conditions of his previous

term of supervised release.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 29th day of June, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE